UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSED RODRIGUEZ,<br><br>                      Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES INC.,<br><br>                      Defendant. | Case No.: 21-CV-927 JLS (BGS)<br><br>**ORDER GRANTING DEFENDANT MONTEREY FINANCIAL SERVICES INC.'S UNOPPOSED MOTION TO DISMISS**<br><br>(ECF No. 3) |

Presently before the Court is the Motion by Defendant Monterey Financial Services, Inc. ("Defendant") for Dismissal Pursuant to FRCP 12(b)(6) ("Mot.," ECF No. 3). No opposition to the Motion has been filed. The Court vacated the hearing on the Motion and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 4.

The Ninth Circuit has held that, pursuant to a local rule, a district court summarily may grant an unopposed motion to dismiss. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the

court." Unless the Court orders otherwise, pursuant to Civil Local Rule 7.1(e)(2), an opposition must be filed 14 days prior to the noticed hearing. The hearing for the present Motion was set for June 24, 2021, at 1:30 p.m.; thus, any opposition was due on June 10, 2021.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff Josed Rodriguez ("Plaintiff") had notice of the Motion yet failed to file a timely opposition. Plaintiff has not provided any excuse for his failure timely to file an opposition to the present Motion. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend its case.

As to the third factor, the Court finds no risk of prejudice to Defendant if it grants the present Motion. In fact, Defendant has requested the dismissal. Thus, this factor also weighs in favor of dismissal.

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. On June 17, 2021, the Court filed an Order vacating the hearing

on the Motion and taking the matter under submission. *See* ECF No. 4. In that Order, the Court noted that no opposition had been filed. *See id.* Still, Plaintiff filed no opposition. This factor therefore weighs in favor of dismissal as well.

Finding that the *Ghazali* factors weigh in favor of granting Defendant's unopposed Motion, the Court **GRANTS** the Motion (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Defendant's Motion <u>within thirty (30) days</u> of the date on which this Order is electronically docketed. Should Plaintiff fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action without prejudice based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). While the Court is mindful that Plaintiff is pro se, Plaintiff is nonetheless required to comply with the Civil Local Rules and Federal Rules of Civil Procedure. *See, e.g.*, *Ghazali*, 46 F.3d at 54 ("[P]ro se litigants are bound by the rules of procedure. [Plaintiff] did not follow them, and his case was properly dismissed.") (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)); *Lopez v. Santoyo*, No. 09CV00108 W RBB, 2012 WL 5427957, at *4 (S.D. Cal. Nov. 7, 2012) ("Plaintiffs who represent themselves must abide by the rules of the court in which they litigate.") (citing *Carter v. Comm'r*, 784 F.2d 1006, 1008–09 (9th Cir. 1986); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)).

**IT IS SO ORDERED.**

Dated: June 24, 2021

Hon. Janis L. Sammartino
United States District Judge